UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br><br>Plaintiff,<br><br>v.<br><br>STARR INDEMNITY & LIABILITY COMPANY,<br><br>Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Travelers Indemnity Company of Connecticut ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint against defendant, Starr Indemnity & Liability Company ("Starr"), alleges as follows:

## NATURE OF THE ACTION

1. In this action, Travelers seeks a declaration that Starr is obligated to defend and indemnify Cross Management Corp. ("Cross Management") in a lawsuit entitled *Brian Nolan v. The City of New York, et al.*, in the Supreme Court of the State of New York, County of New York, Index Number 158646/2020 (the "Underlying Action"), as an additional insured under a policy of insurance issued by Starr on a primary, non-contributory basis.

## THE PARTIES

2. At all times relevant hereto, Travelers was and is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business located in Hartford, Connecticut.

3. Upon information and belief, Starr is a Texas corporation with its principal place of business located in New York, New York.

1

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. In the Underlying Action, Brian Nolan ("Claimant") seeks recovery for alleged personal injuries including, but not limited to, acute comminuted fracture of the fifth digit of the left foot; nondisplaced fracture of the fourth digit of the left foot; right knee derangement with patella alta; and radial nerve neuropathic disorder of the right hand. Therefore, the purported value of the Underlying Action exceeds $75,000.00.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to this claim occurred in this judicial district.

7. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Starr.

8. Travelers has no adequate remedy at law.

## THE RELEVANT POLICIES

9. Starr issued a policy of insurance to National Acoustics, Inc. ("National") for the policy period June 29, 2019 to June 29, 2020 (the "Starr Policy").

10. Subject to certain terms, conditions, and exclusions, the Starr Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The Starr Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement that modifies the Commercial General Liability Coverage Part, and provides in relevant part:

## SCHEDULE

| Name Of Additional Insured Person(s) Or Organization(s) | Location(s) Of Covered Operations |
|---|---|
| Where required by writen contract | Where required by written contract |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. ||

A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability for "bodily injury", "property damage", or "personal and advertising injury" caused, in whole or in part, by:

1. Your acts or omissions; or

2. The acts or omissions of those acting on your behalf;

in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above.

12. The Starr Policy also contains a NEW YORK PRIMARY AND NON-CONTRIBUTRY CONDITION endorsement that modifies the Commercial General Liability Coverage Part, and provides in relevant part:

> This insurance is primary insurance as respects our coverage to the additional insured, where the written contract or written agreement requested that this insurance be primary and non-contributory. In that event, we will not seek contribution from any other insurance policy available to the additional insured on which the additional insured is a Named Insured.

13. Travelers issued a policy of insurance to Cross Management for the policy period August 22, 2019 to August 22, 2020 (the "Travelers Policy").

14. Cross Management is a Named Insured on the Travelers Policy.

15. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

16. The Travelers Policy contains excess "other insurance" language that provides that coverage under the Travelers Policy is excess over any other coverage available as an additional insured.

## BACKGROUND FACTS

17. Cross Management, as Contractor, and National, as Subcontractor, entered into a Subcontract Agreement dated July 9, 2019 (the "Subcontract").

18. Pursuant to the terms of the Subcontract, Cross Management and National entered into Purchase Order Number 76-021-00Nation dated August 16, 2019 (the "Purchase Order") for National to perform certain acoustical ceiling and drywall work at 7 Times Square, 45th Floor, New York, NY 10036.

19. The terms of the Subcontract and Purchase Order required National to purchase and maintain commercial general liability insurance naming Cross Management as an additional insured on a primary and non-contributory basis.

20. The terms of the Subcontract and Purchase Order require National to indemnify, defend and hold harmless Cross Management from all claims arising out of, in connection with, or as a consequence of the performance of National's work.

21. In the Underlying Action, Claimant alleges that, on October 10, 2019, he was performing construction work in the scope of his employment with National at a project located at 7 Times Sq., 45th Fl., New York, NY when he was caused to sustain personal injuries.

22. Claimant alleges he was caused to be injured by an A-frame cart owned by National that ran over his foot.

23. In the Underlying Action, Claimant asserts causes of action against The City of New York and Cross Management seeking to recover for his injuries based on theories of negligence and violations of the New York Labor Law.

24. Travelers has been providing and continues to provide Cross Management a defense in the Underlying Action.

## TENDERS TO STARR

25. By correspondence dated December 2, 2020, Travelers tendered the defense and indemnity of Cross Management to Starr.

26. By correspondence dated July 8, 2021, Travelers retendered the defense and indemnity of Cross Management to Starr.

27. By correspondence dated August 9, 2021, Travelers retendered the defense and indemnity of Cross Management to Starr.

28. By correspondence dated March 23, 2022, Travelers retendered the defense and indemnity of Cross Management to Starr.

29. Starr has not responded to Travelers' tenders.

30. Starr has refused to provide additional insured coverage to Cross Management under the Starr Policy.

31. Starr has refused to provide a defense to Cross Management under the Starr Policy.

## CAUSE OF ACTION FOR DECLARATORY RELIEF

32. Travelers repeats, realleges, and incorporates each and every allegation contained in paragraphs "1" through "31" above as if fully set forth herein.

33. Cross Management qualifies as an additional insured under the Starr Policy.

34. Cross Management is entitled to a defense under the Starr Policy.

35. Cross Management is entitled to indemnification under the Starr Policy for any verdict or judgment rendered against it in the Underlying Action.

36. The coverages provided to Cross Management under the Starr Policy are primary and non-contributory with any coverage provided by the Travelers Policy.

37. Starr has refused to fulfill its coverage obligations to Cross Management with respect to the Underlying Action.

38. Accordingly, Travelers seeks a declaration that Starr has an obligation to defend and indemnify Cross Management as an additional insured under the Starr Policy; that the coverages provided by the Starr Policy to Cross Management are primary; and that the obligations of Travelers to Cross Management in the Underlying Action are excess to proper exhaustion and full payment of the limits of the Starr Policy.

39. In addition, Travelers seeks an award at law and in equity against Starr for recovery of all sums Travelers has paid and continues to pay in the defense of Cross Management in the Underlying Action because the coverages provided by the Starr Policy are primary to any coverage provided by Travelers.

WHEREFORE, Travelers respectfully requests that this Court issue judgment as follows:

1. Declaring that Cross Management is an insured under the Starr Policy to whom Starr owes coverage with respect to the Underlying Action;

2. Declaring that Starr has a duty to defend Cross Management in connection with the Underlying Action;

3. Declaring that Starr has a duty to indemnify Cross Management in connection with the Underlying Action;

4. Declaring that Starr's coverage obligations to Cross Management with respect to the Underlying Action are primary to any coverage provided by Travelers;

5. Declaring that the obligations of Travelers to Cross Management in connection with the Underlying Action are excess and non-contributory to those of Starr;

6. Awarding judgment against Starr in an amount equal to the sums that Travelers incurred and continues to incur in defending the claims against Cross Management in the Underlying Action;

7. Awarding judgment against Starr in an amount equal to any sums that Travelers may incur to resolve and indemnify Cross Management for the claims in the Underlying Action;

8. Granting an award in favor of Travelers for the costs of suit incurred herein; and

9. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
September 7, 2022

USERY & ASSOCIATES

By: /s/Lisa Szczepanski
Lisa Szczepanski
*Attorneys for Travelers Indemnity Company of Connecticut*
T. (917) 778-6800
F. (844) 571-3789
E. lszczepa@travelers.com

Mailing Address:[1]
P.O. Box 2996
Hartford, CT 06104

---

[1] Physical Address: 485 Lexington Ave., 6th Fl., New York, NY 10017